```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEITH BLOUNT,                     :   CRIMINAL ACTION
                                  :   NO. 98-412
        Petitioner,               :
                                  :
    v.                            :
                                  :
UNITED STATES OF AMERICA,         :
                                  :
        Respondent.               :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              JULY 3, 2012

Before the Court is Keith Blount's ("Petitioner") counseled motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (hereinafter "§ 2255 Motion"). For the reasons set forth below, the Court will deny and dismiss with prejudice Petitioner's Motion and no certificate of appealability will issue.

**I.   BACKGROUND**

On March 3, 1999, Petitioner was found guilty of one count of distributing one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1), after a jury trial. He was sentenced on November 23, 1999, to 264 months of incarceration, to run concurrently with a state sentence for unrelated conduct. Judgment, ECF No. 102. Petitioner appealed his conviction and

asserted three claims. He argued that the evidence was insufficient to support his conviction, that the district court committed plain error in instructing the jury that the government did not have to prove that Petitioner knew that the drugs distributed were cocaine rather than some other controlled substance, and that the government should have been required to submit the question of drug quantity to the jury, despite the fact that his trial counsel agreed to stipulate to the amount distributed, because that fact increased the statutory maximum penalty. The Third Circuit Court of Appeals affirmed Petitioner's conviction and sentence on December 20, 2000. Blount v. United States, No. 99-1994, slip op. at 2 (3d Cir. Dec. 20, 2000). Certiorari was denied October 1, 2001. Blount v. United States, 534 U.S. 908, 908 (2001).

On September 23, 2002, Petitioner filed a timely petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 113. Petitioner raised five allegations in support of his claim for relief. First, Petitioner contended that trial counsel was ineffective for failing to seek a mistrial as a result of particular expert testimony by an officer. Second, Petitioner argued that trial counsel was ineffective for failing to call co-defendant Vincent Billue to testify at trial. Third, Petitioner alleged that trial counsel was ineffective for failing to request a downward departure for

2

the time already served in state and county custody. Fourth, Petitioner alleged that trial counsel was ineffective for failing to request that an officer's testimony be excluded from the Court's sufficiency of the evidence analysis. Fifth, Petitioner contended that in light of his other arguments, the evidence was insufficient to support his conviction.

The Court held hearings on Petitioner's petition on April 30, 2004, June 9, 2004, and June 15, 2004. This Court denied all of Petitioner's claims except the claim that sentencing counsel was ineffective for failing to request a downward departure pursuant to United States Sentencing Guidelines Section 5G1.3 for time served in state and county custody. Blount v. United States, No. 98-412, slip op. at 11-12 (E.D. Pa. July 22, 2004), ECF No. 136. The Court then issued an order scheduling a hearing for a re-sentencing "to consider whether a downward departure, for time spent in state incarceration before federal sentencing, is warranted." See Order, July 22, 2004, ECF No. 136. Although originally scheduled for August 23, 2004, Petitioner's re-sentencing was held approximately a year later on August 26, 2005.[1] The Court

---

[1] The Court ordered an updated Presentence Investigation Report ("PSR"). Petitioner's counsel filed several objections to the PSR, as well as multiple sentencing memorandums, among other filings on Petitioner's behalf. See e.g., ECF Nos. 138, 139, 141, 143, 144, 150, 160, 172, 173.

determined that Petitioner was a career offender and found his offense level to be 34, his criminal history category to be VI, and his imprisonment range to be 262 to 327 months. The Court then granted Petitioner's request for an adjustment pursuant to United States Sentencing Guidelines Section 5G1.3 and re-sentenced Petitioner to 245 months plus 28 days. ECF No. 189.

Petitioner appealed his amended sentence and the Court of Appeals affirmed it on June 8, 2007. ECF No. 200. Petitioner did not file any further appeals or motions until he filed the instant petitioner on June 20, 2011. § 2255 Motion, ECF No. 203. Thus, his second sentence became final on or about September 7, 2007.

In the instant petition, Petitioner raises four grounds as the basis for his petition for relief. First, Petitioner contends that trial counsel was ineffective for failing to seek a mistrial as a result of particular expert testimony by an officer. Second, Petitioner argues that trial counsel was ineffective for making an uninformed decision not to call co-defendant Vincent Billue to testify at trial. Third, Petitioner asserts that appellate counsel should have raised the foregoing two issues on direct appeal. Fourth and lastly, Petitioner asserts that when his sentence was vacated, he was entitled to resentencing using the advisory guidelines in effect at the time of the resentencing, and is now entitled, pursuant

4

to Pepper v. United States, 131 S. Ct. 1229 (2011), to have the district court consider postsentencing rehabilitation as a factor in reducing his sentence.

## II. LEGAL STANDARD

A federal prisoner in custody under sentence of a federal court challenging his sentence based on a violation of the Constitution or laws of the United States may move the court that imposed the sentence to vacate, set aside, or correct the sentence. See 28 U.S.C. § 2255(a) (Supp. IV 2011). In a § 2255 motion, a federal prisoner may attack his sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. See id. § 2255(b).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f) (Supp. IV 2011). That period generally runs from "the date on which the judgment of conviction becomes final." Id. § 2255(f)(1). A petitioner's judgment becomes final when his time to petition for a writ of certiorari for review of the Third Circuit's judgment expires.

See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); U.S. Sup. Ct. R. 13(1) (providing ninety-day period to file petition for writ of certiorari to review appellate court judgment).

A petitioner is entitled to an evidentiary hearing as to the merits of his claim unless it is clear from the record that he is not entitled to relief.[2] The Court must dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." R. Governing § 2255 Proceedings for the U.S. District Courts 4(b) [hereinafter "Section 2255 Rule"].

## III. DISCUSSION

Based on Petitioner's § 2255 Motion, it plainly appears that Petitioner is not entitled to relief because his

---

[2] Section 2255 provides,

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b).

motion presents issues that have already been considered and denied previously by this Court. The one exception is Petitioner's claim that the Court should consider his postsentencing rehabilitation pursuant to Pepper v. United States. 131 S. Ct. at 1250. However, as Pepper should not be given retroactive effect to Petitioner's case, this claim will also be denied. Therefore, the Court will deny the motion and dismiss with prejudice.

Petitioner relies upon Magwood v. Patterson, 130 S. Ct. 2788 (2010), for the proposition that his current petition is not a second successive petition and therefore he is not bound by requirement to first obtain authorization from the United States Court of Appeals for the Third Circuit to challenge his conviction. See § 2255(h). Under AEDPA, a petitioner incarcerated pursuant to a federal judgment cannot bring a "second or successive" motion for habeas relief, unless he or she first obtains permission from a court of appeals. Id. The Supreme Court in Magwood held that when a first habeas petition pursuant to 28 U.S.C. § 2254 results in the issuance of a new judgment, a later-in-time petition challenging that new judgment is not a "second or successive petition" under AEDPA. 131 S. Ct. at 2787. The Second Circuit subsequently held that, in light of the substantially similar relevant language in § 2255 and § 2254, "the rule stated in Magwood applies to § 2255

7

motions." Johnson v. United States, 623 F.3d 41, 45 (2d Cir. 2010).[3]

While the Government concedes that the Supreme Court's holding in Magwood "may permit [Petitioner] to avoid the requirements for a 'second or successive' motion under § 2255(h)," it argues that to the extent the Petitioner is contending that the statute of limitations did not begin to run until June 24, 2010 (the day Magwood was decided), Petitioner's reliance on Magwood is misplaced because the case did not discuss excusing a Defendant from meeting the limitations period established by § 2255(f) for a first motion.[4] Petitioner's

---

[3] The Third Circuit has not yet ruled on this issue. However, as AEDPA uses the phrase "second or successive" as a "term of art," which appears in both § 2244 and § 2255, this Court predicts that the Third Circuit would similarly hold that the rule stated in Magwood applies to § 2255 motions. See In re Lampton, 667 F.3d 585, 588 (5th Cir. 2012) (noting that the second or successive rules in § 2244, which govern successive petitions under § 2254, carry the same meaning as those under § 2255); see also Urinyi v. United States, 607 F.3d 318, 321 (2d Cir. 2010) (per curiam) ("[N]othing in the AEDPA indicates that Congress intended the 'second or successive' rules to operate differently with regard to state and federal prisoners.").

[4] The statute of limitation period under AEDPA runs from the latest of:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

current § 2255 motion challenges his amended judgment of conviction affirmed by the Third Circuit on June 8, 2007, which in the absence of a petition for certiorari, became final ninety days later, on or about September 7, 2007. See Clay, 537 U.S. at 525. As Petitioner filed his current motion on June 20, 2011, more than a year after the amended judgment became final, he relies upon 28 U.S.C. § 2255(f)(3) contending that recent developments in the law, specifically Magwood and Pepper v. United States, 131 S. Ct. 1229, render his § 2255 motion timely.

   Even if Magwood were to be given retroactive effect to Petitioner's case, thus rendering his § 2255 motion challenging his amended judgment of conviction timely, his claims fail because they have either already been considered and dismissed by this Court during Petitioner's initial § 2255 motion or they are based on a "newly recognized right" which has not been made "retroactively applicable to cases on collateral review." §

---

  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's conviction became final on or about September 7, 2007, after his time to file a petition for certiorari to the Supreme Court of the United States expired. See Clay, 537 U.S. at 525.

9

2255(f)(3).[5] Petitioner's arguments with respect to his first and second claims, specifically that trial counsel was ineffective for failing to seek a mistrial as a result of particular expert testimony by an officer[6] and for making an uninformed decision not to call co-defendant Vincent Billue to testify at trial have not changed since the Court last considered them. See Blount, slip op. at 4-11, ECF No. 136. The law has not changed, no newly

---

[5] Because the petitioner in Magwood challenged only his sentence in the § 2254 petition he filed after his amended judgment, the Supreme Court explicitly declined to address the question of whether its reading of § 2244(b) "would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, new sentence, but also his original, undisturbed conviction." Magwood, 130 S. Ct. at 2802. The Second Circuit in Johnson held that as the Supreme Court has previously stated that a "'[a] judgment of conviction includes both the adjudication of guilt and the sentence,'" it follows that "where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both." 623 F.3d at 46 (quoting Deal v. United States, 508 U.S. 129, 132 (1993)). Thus, assuming Petitioner's motion challenging his amended judgment of conviction is timely, his motion would not be successive even if he raises claims that could have been, or were, raised in his prior § 2255 motion.

[6] Petitioner does not elaborate upon his claim that his trial counsel was ineffective for "fail[ing] to request a mistrial after the police officer gave unfairly prejudicial expert testimony" in either his § 2255 motion or in his reply to the Government's response. § 2255 Motion at 5. The Court assumes that Petitioner's current claim mirrors the claim brought in his initial petition in which he asserted that the testimony of Task Officer Richard Dominick was unfairly prejudicial because it permitted the jury to convict Petitioner on evidence of Petitioner's mere presence at the scene of the crime.

discovered facts have been alleged,[7] and nothing has occurred that would make the Court reverse its previous decision to deny Petitioner's prior § 2255 based on his claims of ineffective assistance of trial counsel for failing to request a mistrial as a result of allegedly unfairly prejudicial testimony or to conduct a reasonable investigation before making an allegedly uninformed decision not to call Vincent Billue.[8]

---

[7] Petitioner argues now that trial counsel's performance fell below professional norms "not because he failed to call Mr. Billue as a witness but instead because he did not interview Mr. Billue before making the decision not to call him." Pet'r's Reply 7, ECF No. 7. The Court previously considered whether Petitioner's trial counsel failed to conduct a reasonable investigation to learn of Vincent Billue's allegedly exculpatory statements and found that Petitioner's counsel had specific knowledge not only of Billue's proposed exculpatory testimony, but also of the potential damage his testimony would cause to Petitioner's defense. Blount, slip op. at 9-10, ECF No. 136. The Court held that counsel was not deficient in failing to call Billue as a witness because it was a strategic decision within the bounds of reasonable representation. Id. Petitioner does not explain how trial counsel's alleged failure to interview Billue might have changed trial counsel's calculus in deciding whether to call Billue as a witness nor rendered trial counsel's strategic considerations uninformed and deficient. Accordingly, the Court finds that Petitioner's claim fails for the same reasons the Court found for denying Petitioner's claim that trial counsel was ineffective for failing to call Billue as a witness.

[8] Petitioner also argues his appellate counsel was constitutionally ineffective because his appellate counsel failed to raise the issues of his trial counsel's ineffectiveness on appeal. An ineffective assistance of appellate counsel claim is considered under the same two-part test announced in Strickland v. Washington. 466 U.S. 668 (1984); see Buehl v. Vaughn, 166 F.3d 163, 173-74 (3d Cir. 1999). Effective appellate advocacy is the exercise of reasonable

11

Lastly, Petitioner argues that when his sentence was vacated, he was entitled to resentencing using the advisory guidelines in effect at the time of the resentencing, and is now entitled pursuant to Pepper v. United States, 131 S. Ct. 2788 (2011), to have the district court consider postsentencing rehabilitation as a factor in reducing his sentence. The Court previously considered the former part of Petitioner's request at his resentencing, in which Petitioner argued that he was entitled to a de novo resentencing in light of the intervening decisions of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Blount v. United States, No. 98-412, slip op. at 3-6 (E.D. Pa. Aug. 26, 2005), ECF No. 184. The Court then concluded and now reaffirms that Booker is not retroactively applicable to cases on collateral review and that no authority suggests that Petitioner was then entitled to a de novo resentencing in light of Blakely and Booker. Id. at 5. Nevertheless, "[i]n an effort to protect judicial efficiency" the Court ruled on all of Petitioner's objections to the revised PSR in the alternative, and stated at

---

selectivity in deciding which legal issues to raise. Buehl, 166 F.3d at 173. For the same reasons that the Court concluded that Petitioner's trial counsel was not deficient for failing to request a mistrial as a result of allegedly unfairly prejudicial testimony or to conduct a reasonable investigation before making an allegedly uninformed decision not to call Billue, the Court concludes that appellate counsel was not ineffective for failing to raise these issues on appeal.

sentencing that if a de novo review was required the Court would have imposed the same sentence as it imposed on August 26, 2005. Resentencing Hr'g Tr. 20:20-21:5, ECF No. 197. Thus, Petitioner's claim that he was inappropriately denied his rights to a de novo resentencing is denied.

As to Petitioner's claim that he is entitled to have his postsentencing rehabilitation considered pursuant to the Supreme Court's decision in Pepper, the Court also denies this claim because the decision is not retroactively applicable to a collateral proceeding. In Pepper, the Supreme Court held that "[d]istrict courts post-Booker may consider evidence of a defendant's postsentencing rehabilitation at resentencing and such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." 131 S. Ct. at 1247. In so holding the Supreme Court invalidated 18 U.S.C. § 3742(g)(2), which had effectively foreclosed a resentencing court from considering evidence of a defendant's postsentencing rehabilitation for purposes of imposing a non-Guidelines sentence, based on the rationale of Booker. Id. at 1244-45. The decision in Pepper is a species of the Booker rule that the Sentencing Guidelines may not be applied as mandatory. Id. The Third Circuit and other circuits have held that Booker does not apply retroactively to cases on collateral review, including initial petitions. Lloyd v. United States, 407 F.3d 608, 615-16

13

(3d Cir. 2005); see also Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005) (per curiam) ("[N]either Booker nor Blakely . . . apply retroactively to Green's collateral challenge."); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005) ("[W]e conclude that Booker's rule does not apply retroactively in collateral proceedings."). Pepper, like Booker, announced a rule that is "new"[9] and "procedural," but not "watershed," and

---

[9] Petitioner argues that Pepper was dictated by prior precedent "interpreting the boundaries of a sentencing court's vast sentencing discretion." Pet'r's Reply 5. Under Teague v. Lane, 489 U.S. 288, 310 (1989), one of the steps toward deciding whether a rule of criminal procedure applies retroactively to a case on collateral review is determining whether the rule announced in Pepper qualifies as "new." See Beard v. Banks, 542 U.S. 406, 410 (2004). To determine if the rule qualifies as "new," the Court must assess the legal landscape at the time Pepper's conviction became final to see whether the rule "was dictated by then-existing precedent-whether, that is, the unlawfulness of [respondent's] conviction was apparent to all reasonable jurists." Id. at 413. The rule announced in Pepper was new because post-Booker courts would not have believed themselves compelled to conclude that Pepper's holding was constitutionally required. See Pepper, 131 S. Ct. at 1244 (acknowledging that to remedy the constitutional problem identified in Booker, the Court rendered the Guidelines effectively advisory by invalidating two provisions of the Sentencing Guidelines, 18 U.S.C. § 3553(b)(1) and § 3742(e), but not § 3742(g)(2), which prevented a resentencing court from considering postsentencing rehabilitation as a ground for downward departure). In fact, even the Supreme Court stated in Pepper that the remedy they announced in Booker did not excise § 3742(g)(2). Thus Pepper's rule was not "dictated by precedent," even though the Court found that the rationale set forth in Booker applied equally to the case in Pepper. Id. Thus, as it cannot be said that the result in Pepper was "apparent to all reasonable jurists," the rule established in Pepper was "new." Beard, 542 U.S. at 413.

therefore, does not satisfy the three-step inquiry[10] required to be retroactively applicable to those cases that became final as of March 2, 2011, the date that Pepper was issued. See Lloyd, 407 F.3d at 615-616. Accordingly, Pepper will not be applied retroactively to Petitioner's case, which is on collateral review, and thus Petitioner's claim will be denied.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2255 motion, the Court must also decide whether to issue or deny a Certificate of Appealability ("COA"). See Section 2255 R. 11(a). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

[10] Under Teague, the determination of whether a rule of criminal procedure applies retroactively to a case on collateral review requires a three-step inquiry. See Lloyd, 497 F.3d at 611. First, the Court must determine if Petitioner's conviction became final prior to the Supreme Court's decision at issue. Second, the Court must determine whether the Constitution, as interpreted by the precedent then existing, compels the rule, that is, whether the rule announced qualifies as "new." Third, if those two conditions are satisfied, the Court must examine whether the new procedural rule qualifies under one of Teague's two narrow exceptions to the non-retroactive application of such rules. See id. at 612.

>   right and that jurists of reason would find it
>   debatable whether the district court was correct in
>   its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, an evidentiary hearing is not required because it plainly appears that Petitioner's § 2255 Motion presents claims which have already been considered and dismissed on collateral appeal or are based on a Supreme Court decision that is not retroactively applicable to Petitioner's case. For the same reasons, jurists of reason would not find it debatable whether the Court is correct in this procedural ruling. Therefore, the Court will deny a COA.

**V.     CONCLUSION**

For the foregoing reasons, the Court will deny and dismiss with prejudice Petitioner's § 2255 Motion. The Court will not issue a certificate of appealability. An appropriate order will follow.